UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     Case No. 21-20187
                                        Honorable Victoria A. Roberts

KENNETH HARTLEY,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
## [ECF No. 18]

### I.    Introduction

The issue before the Court is whether a laptop computer left by Defendant for over a decade at his former marital home is abandoned, justifying its warrantless search.

Because the evidence is sufficient to conclude Hartley abandoned the laptop and relinquished his expectation of privacy in it, the Court **DENIES** Hartley's motion to suppress evidence.

### II.    Background

FBI Agents investigated Defendant ("Hartley") for allegedly distributing child pornography. This investigation was led by Special Agent Christensen of the FBI Detroit field office. During Agent Christensen's

1

investigation, he discovered that Hartley and ex-wife, Jennifer Hartley ("Jennifer"), divorced in 2011. Jennifer continued to reside in the marital home and Hartley lived at a different residence after the divorce.

On December 16, 2020, Christensen executed a search warrant on Hartley's home and seized several electronic devices. During this search Agent Christensen allegedly observed equipment in Hartley's home indicating that he may have used a hidden camera to surreptitiously record others.

Suspicious that Hartley may have been using the equipment to record his ex-wife or their children, Christensen visited Jennifer's home. He spoke to her about his concerns and Jennifer revealed to Christensen that she discovered child pornography on Hartley's laptop prior to their divorce in 2011 and that he had not lived at the marital home since the divorce.

Agent Christensen took the laptop back to his office, observed that it was not password protected, and searched it. He discovered 30,000 images and videos, 5,035 of which were unique images, 548 unique videos, and various chats between Hartley and several individuals who were minors.

The evidence recovered in both searches formed a basis for the government's indictment of Hartley on one count of Sexual Exploitation of

Children, two counts of Attempted Exploitation of Children, and one count of Possession of Child Pornography.

Hartley filed a motion to suppress the evidence found in the warrantless search of the laptop. The motion is fully briefed, and the Court held an evidentiary hearing on October 19, 2021.

Both Hartley and Jennifer testified that the laptop found in the warrantless search of Jennifer's home belonged to Hartley, even though it was in Jennifer's possession, and their divorce decree awarded her "any and all personal property currently in her possession."

Jennifer testified that she would sometimes use the laptop, but the couple had a shared desktop computer that they both used during their marriage.

Hartley alleges that he bought the laptop before 2000 and left it at Jennifer's home after the divorce. They had a mutual understanding that she would give the laptop back to him once he completed counseling. Hartley testified that the only reason he never attempted to retrieve the laptop from Jennifer is because he wanted to maintain a cordial relationship with Jennifer and their children.

Throughout the 10-year period following the divorce, Hartley retrieved certain items from the home, such as furniture. However, Jennifer testified

3

that, sometime around two years after the divorce, she told Hartley to pick up his property from her home. She allegedly placed all his belongings in the garage so he would not have to enter the home. Her testimony made clear that Hartley had ample opportunity to retrieve the laptop since the divorce in 2011. Both Hartley and Jennifer agree that Hartley has not used the laptop or asked Jennifer to return it since 2011.

Hartley says that the warrantless search was invalid because there were no exigent circumstances, he retained a reasonable expectation of privacy in the laptop, and Jennifer did not have authority to consent to its search.

The government says Jennifer had actual and apparent authority to consent to a search of the laptop. Alternatively, it contends that no warrant or probable cause was required to search the laptop because Hartley had abandoned it and did not have a reasonable expectation of privacy in the laptop when it was searched.

### III. Applicable Law and Analysis

The Fourth Amendment prohibits unreasonable searches and seizures. Generally, searches conducted without a valid search warrant are presumptively unreasonable. *Bray v. Planned Parenthood Columbia-Willamette Inc.*,746 F.3d 229, 237 (6th Cir. 2014). However, a well-

4

recognized exception to the warrant requirement exists when exigent circumstances are present. *Kentucky v. King*, 563 U.S. 452, 461 (2011). The government does not make this argument; it asserts that Jennifer's consent to search the laptop was valid or that no search warrant was required because Hartley abandoned his privacy interest in the laptop.

Generally, neither a warrant nor probable cause is required to seize and search abandoned property. *United States v. Oswald*, 783 F.2d 663, 666 (6th Cir.1982). Whether property has been abandoned "turns upon whether, a person can claim a continuing, legitimate expectation of privacy in the item at issue." *United States v. Nelson*, 725 F.3d 615, 622 (6th Cir. 2013) (internal quotations omitted). To establish a reasonable expectation of privacy, a defendant must show: (1) he has an actual (subjective) expectation of privacy in the object of the challenged search; and (2) society is prepared to recognize that expectation as reasonable. *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (citing *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)).

Homeowners have a "reasonable expectation of privacy in their homes and in their belongings—including computers—inside the home." *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2011). Further, "[t]he expectation of privacy in one's [personal property] is not lessened by

5

storing it on the premises of a third party." *Id*. Rather, "the expectations may well be at their most intense when such effects are deposited temporarily or kept semi-permanently. . . in places under the general control of another." *United States v. Waller,* 426 F.3d 838, 848 (6th Cir. 2005) (quoting *United States v. Block*, 590 F.2d 535, 541 (4th Cir. 1978).

Abandonment does not require a suspect to expressly disavow ownership of an item. Instead, the government has the burden to establish by a preponderance of the evidence "that a 'defendant's voluntary words or conduct would lead a reasonable person in the searching officer's position to believe that the defendant relinquished [his privacy] interests in the item searched or seized.'" *United States v. Eden*, 190 F. App'x 416, 426 (6th Cir. 2006) (quoting *United States v. Basinski*, 226 F.3d 829, 836-37 (7th Cir.2000).

Under the circumstances, the government demonstrates that Agent Christensen's belief that Hartley had abandoned the laptop was reasonable. Before Jennifer handed over the laptop, Agent Christensen knew that Hartley and Jennifer were divorced in 2011, he had not lived there since the divorce, and the laptop was in the home. This information would indicate to a reasonable officer in Christensen's circumstances that

6

Hartley did not intend to maintain an expectation of privacy in the contents of the laptop.

Hartley claims that he had a continuing subjective expectation of privacy in the laptop. This may be true, but his expectation of privacy was not reasonable.

The Tenth Circuit held in *United States v. Salinas-Cano* that the defendant had a reasonable expectation of privacy in his luggage stored at his girlfriend's apartment. The defendant testified that he had a subjective expectation of privacy in the suitcase and never permitted his girlfriend to look inside of it. The court found that defendant had not abandoned the suitcase but "instead maintained a periodic presence in the apartment." *United States v. Salinas–Cano*, 959 F.2d 861, 864 (10th Cir. 1992).

On the other hand, in *United States v. Zacherle*, the Ninth Circuit held that defendant abandoned his laptop when he moved out of the residence and left the laptop with his former roommate for three months without any instructions, and never requested that the roommate return it. *United States v. Zacherle*, 689 F. App'x 467, 468 (9th Cir. 2017).

Hartley's actions are analogous to *Zacherle* and distinguishable from *Salinas-Cano*. After an admittedly contentious divorce, Hartley left his

laptop at his ex-wife's home for more than a decade with no instructions on what she should do with it.  He moved into another home and did not maintain a periodic presence at the marital home. Hartley visited the home to retrieve furniture but made no attempts to use or retrieve the laptop. The evidence shows that Hartley was not storing the laptop at Jennifer's home temporarily or semi-permanently but that he abandoned it.

Although Hartley suggests that the laptop was password protected, Agent Christensen testified that it was not.  Failure to protect the laptop with a password indicates that Hartley did not intend to maintain a privacy interest in the contents of the laptop.  *See United States v. Aaron*, 33 F.App'x 180, 184 (6th Cir.2002) (quoting *Trulock v. Freeh*, 275 F.3d 391, 403 (4th Cir.2001) ("In the personal computer context courts examine whether the relevant files were password-protected or whether the defendant otherwise manifested an intention to restrict third-party access").

It does not matter that Hartley never granted Jennifer unrestricted access to the laptop. Under the totality of the circumstances, the evidence indicates that Hartley did not attempt to keep the contents of the laptop private after the divorce.

Because the circumstances indicate that Hartley abandoned the laptop and Agent Christensen reasonably concluded that Hartley did not intend to maintain an expectation of privacy in it, no warrant or probable cause was needed to search the laptop.

**CONCLUSION**

For the reasons stated above the Court **DENIES** Hartley's Motion to Suppress the evidence obtained from the laptop seized from Jennifer Hartley's residence on December 16, 2020.

**IT IS ORDERED.**

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  November 3, 2021